DAWKINS, J.
This is a suit by certain judgment creditors against John S. Jordan, their judgment debtor, and against N. G. Jordan, a brother, and transferee of certain real property in the parish of Vernon, La., to have the said transfer declared simulated and fraudulent.
The answer was, in effect, a general denial. There was judgment below declaring the said transfer simulated and of no effect, and the defendants have appealed.
*433 This case has been on the docket of this court since June 11, 1915. It was fixed for argument quite a long while ago, no appearance was made by either side, and was transferred to the delay docket. On January 25, 1919, it was restored to the trial docket on motion of the plaintiffs, and on February 3, 1919, by agreement, submitted on briefs to be filed. Counsel for plaintiffs and appellees alone have filed their brief.
The record shows that the defendant John S. Jordan had failed in business, and that a number of creditors had obtained judgments against him. On the 4th of February, 1911, four days before the judgments which are the basis of this action were rendered, February 8, 1911, after a continuance had been obtained at the instance of the defendant, the transfer complained of was made to the brother of the defendant for a recited consideration of $2,400. On the trial hereof it was admitted that no cash was passed on the day of the transfer when the deed was executed before another brother of the defendant as notary — in fact, the transferee was not even present; but, it is contended that the sum of $500 was paid a day or so later, and that $1,400 had already been paid at different times over a period of a year or more. John S. Jordan, the defendant, remained in possession of the property and continued to cultivate it (for the first year at least, according to admission, without the payment of rent) up to the time of the trial in 1914.
Defendant sold another piece of property to his minor son, Luther Jordan, for the stipulated price of $600 cash, which he swore had been earned by that lad of 18 summers teaching school; and the boy was emancipated after the purchase, both the transfer and emancipation taking place while he was absent and attending school at the State University in Baton Rouge. Defendant then claimed a homestead in all the property, 160 acres, that he had left.
There are many other suspicious and questionable circumstances surrounding the matter which, in our opinion, amply sustain the judgment of the lower court.
For the reasons assigned, the judgment appealed from is affirmed at the cost of the appellants.